# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL DAKUGINOW, an individual, | Case No.: 2:11-cv-00727-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#12; Motion to Expunge *Lis Pendens*–#14) |
| MAX DEFAULT SERVICES CORPORATION, a California Corporation; LENDER BUSINESS PROCESS SERVICES, INC., a Corporation; and DOES I through X, inclusive, | |
| Defendants. | |

Before the Court are Defendant Max Default Services Corporation and Lender Business Process Services, Inc's **Motion for Summary Judgment** (#12, filed Aug. 25, 2011) and **Motion to Expunge Lis Pendens** (#14, filed Aug. 30, 2011). Plaintiff Michael Dakuginow did not file a response to either motion.

## BACKGROUND

This dispute arises out of Plaintiff's mortgage loan, default, and foreclosure. Plaintiff purchased a condo in 2007 with a loan from First Horizon Home Loan Corporation, which recorded a deed of trust. (Dkt. #13, Request for Judicial Notice, Ex. 2.)[1] On December 13,

---

[1] Future citations to Defendants Request for Judicial Notice will simply be cited as (RJN, Ex. #.)

2010, Max Default recorded a Notice of Breach and Default and of Election to Sell. (RJN, Ex. 3.) Defendants sent these documents and the required Election/Waiver of Mediation Form to Plaintiff by certified mail on December 22. (RJN, Ex. 4, Aff. of Mailing and Copy of Certified Mailing.) Plaintiff signed a delivery confirmation receipt for these documents on December 24. (RJN, Ex. 5.) Defendants were issued a State of Nevada Foreclosure Mediation Program Certificate for the property on March 3, 2011, which was recorded on March 25. (RJN, Ex. 6.) On March 18, Defendants mailed Plaintiff a Notice of Trustee's Sale concerning his property. (RJN, Ex. 7, Aff. of Mailing and Notice of Trustee's Sale.) On March 21, Defendants posted a Notice of Sale and Notice to Tenants on the subject property. (RJN, Ex. 8, Aff. of Posting by Robert Turner.) The property was then sold on April 11. Plaintiff's attorneys recorded a Notice of *Lis Pendens* April 8.

On April 1, Plaintiff filed suit in the Eighth Judicial District Court for the State of Nevada. Plaintiff acknowledged in his complaint that he had defaulted on his loan. However, Plaintiff alleged that he never received a notice of default or the mediation election forms required by Nevada state law. As such, Plaintiff alleged four causes of action: (1) wrongful foreclosure; (2) preliminary/permanent injunction; (3) negligence per se; and (4) punitive damages. Now before the Court are Defendants' motions for summary judgment and to expunge lis pendens, to which Plaintiff did not file oppositions. For the reasons discussed below, the Court grants both of Defendants' motions.

**DISCUSSION**

**I.      Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis

on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

/

AO 72
(Rev. 8/82)

1    A district court cannot rely on its local rules as a basis for granting summary
2    judgment. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Several Ninth Circuit
3    decisions have made clear that a nonmoving party's failure to comply with local rules does not
4    excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to
5    judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).
6    Otherwise, the court turns the summary judgment rule into a mere sanction for noncompliance
7    with local rules. *Id.*; *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993)
8    (quoting *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 n. 1 (9th Cir. 1976)). Thus, the
9    Court must examine the evidence presented by Defendants and determine whether they have met
10   their burden under Rule 56 despite Plaintiff's failure to oppose the motion.

**II.    Analysis**

Plaintiff's complaint is based on his allegations that he did not receive the legally required notices and opportunity to elect mediation over the immediate foreclosure and sale of his property. However, after review, Defendants have presented ample evidence that they mailed (and Plaintiff received (RJN, Ex. 5, Delivery Confirmation)) the proper notices, posted the proper notices, received the proper certifications, and complied with the legal requirements for foreclosure in the state of Nevada. (*See generally* RJN.) Further, Plaintiff fully acknowledges that he defaulted on his loan in his complaint. Without some showing of contradictory evidence to support Plaintiff's allegations that he did not receive the proper notices, there is no genuine issue of material fact. With this evidence, Defendants have met their burden to show that they are entitled to judgment as a matter of law. Accordingly, the Court grants summary judgment on each of Plaintiff's claims and orders that the *lis pendens* be expunged.

/
/
/
/

AO 72
(Rev. 8/82)

# CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#12) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Expunge *Lis Pendens* (#14) is GRANTED. The Clerk of the Court is directed to close this case.

Dated: January 9, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**

# CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#12) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Expunge *Lis Pendens* (#14) is GRANTED. The Clerk of the Court is directed to close this case.

Dated: January 9, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)

5